IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Bates, Jr., #356426 | ) | C/A No. 8:14-2667-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | *for partial disposition* |
| Sheriff Lee Foster; Unknown Agents of the | ) | |
| Newberry County Sheriff's Dept.; Det. Robert | ) | |
| Dennis, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

John Bates, Jr. ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated at the Allendale Correctional Institution, and he files this action *in forma pauperis* under 28 U.S.C. § 1915.  Defendant Unknown Agents of the Newberry County Sheriff's Dept. should be summarily dismissed from this action without prejudice and without issuance and service of process.

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."   28 U.S.C.

§ 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, a portion of the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

<u>Discussion</u>

By Order filed July 16, 2014, this Court explained to Plaintiff that in order to consider authorizing service of process upon the Unknown Agents of the Newberry County Sheriff's

2

Dept., Plaintiff must, if he could do so, provide names of individuals who he is attempting to sue (even a first or last name, whatever is known). [Doc. 8.] Further, the Court directed Plaintiff that if he could not provide individual names, then he should provide any identifying information such as the date, time, and place of the alleged constitutional violations by individuals so that any individuals who constitute Defendants could be construed as unnamed, but identifiable, "John Doe" Defendants. [*Id*.] This Court also directed Plaintiff that unless he provided proposed service documents for the Unknown Agents of the Newberry County Sheriff's Dept. within the prescribed period of time, this Court may dismiss them without prejudice. [*Id*.]

In response to this Court's Order, Plaintiff identified an agent as Det. Robert Dennis by submitting proposed service documents for him. Thus, the Clerk of Court properly added him to the docket as a Defendant. Based on the documents Plaintiff submitted to this Court, it appears that Plaintiff seeks to sue one person who was originally identified as an unknown agent but now is identified as Det. Robert Dennis. However, Plaintiff failed to submit any identifying information regarding any other person as an agent and failed to submit any other proposed service documents for Unknown Agents of the Newberry County Sheriff's Dept. Therefore, Plaintiff has failed to prosecute this action against the Unknown Agents of the Newberry County Sheriff's Dept., and this Defendant should be dismissed from this case *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–33 (1962).

<u>Recommendation</u>

It is recommended that the District Court dismiss Defendant Unknown Agents of the Newberry County Sheriff's Dept. from this action without prejudice and without issuance

3

and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). This action remains pending, and, at this time, service of process is authorized for Defendants Sheriff Lee Foster and Det. Robert Dennis. **Plaintiff's attention is directed to the important notice on the next page.**


                                      s/ Jacquelyn D. Austin
                                      United States Magistrate Judge

August 20, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).