IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| John Bates, Jr., | ) | Case No. 8:14-cv-02667-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Sheriff Lee Foster, Det. Robert Dennis, | ) | |
| | ) | |
| Defendants.[1] | ) | |
| _____ | ) | |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 30.] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit findings and recommendations to the District Court.

Plaintiff, proceeding pro se, filed this action on June 26, 2014,[2] alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. [Doc. 1.] Defendants filed a motion for summary judgment on November 20, 2014. [Doc. 30.] Plaintiff filed a response in opposition on December 15, 2014 [Doc. 33], and Defendants filed a reply on December 29, 2015 [Doc. 36]. Accordingly, the motion is ripe for review.

---

[1]Defendants Unknown Agents of the Newberry Sheriff's Department were dismissed as defendants in this case on September 16, 2014. [Doc. 24; *see also* Doc. 15.]

[2]A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on June 26, 2014. [Doc. 1-1 at 1 (envelope, stamped received by the prison mailroom on June 26, 2014).]

## BACKGROUND[3]

Plaintiff is incarcerated at the Allendale Correctional Institution. [Doc. 1 at 2.] He alleges he was arrested and imprisoned for thirty days on charges of four attempted murders. [*Id.* at 3.] He alleges he was released, and the officers presented him with a document for him to sign saying he would not sue them but he refused to sign it. [*Id.* at 4.] He also alleges Defendants released a statement to the press about his being charged for those crimes, of which he was innocent. [*Id.* at 3.] Accordingly, Plaintiff alleges he brings this § 1983 action to recover on claims of vindictive prosecution, wrongful arrest, and defamation of character. [*Id.* at 2.] He seeks one-hundred-thousand dollars for every day he was held in the Newberry County Detention Center and one-million-five-hundred-thousand dollars for defamation of character; emotional injuries; and the loss of life, liberty, and property. [*Id.* at 5.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d

---

[3]The facts included in this Background section are taken directly from Plaintiff's Complaint.

1128, 1133 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for her.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Requirements for a Cause of Action Under § 1983

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

3

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments.  This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted).  Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed."  *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'"  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Summary Judgment Standard**

4

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact and (2) he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at

5

252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Defendants argue they are entitled to summary judgment because they, in their official capacities are not "persons" within the meaning of § 1983 and are, therefore, immune from suit pursuant to the Eleventh Amendment of the United States Constitution; Plaintiff has failed to establish any personal involvement on the part of Defendant Sheriff Lee Foster ("Foster") or any theory of liability upon which Foster could be responsible for any of Plaintiff's alleged deprivations; Plaintiff has failed to establish any claims that rise to the level of a constitutional deprivation; even if Plaintiff could establish a claim against

Defendants that rises to the level of a constitutional deprivation, Defendants would still be entitled to qualified immunity; and any state law claims fail as a matter of law.  [Doc. 30-1.]

**Eleventh Amendment Immunity**

To the extent Plaintiff brings this suit against Defendants in their official capacities under § 1983, Defendants are entitled to immunity pursuant to the Eleventh Amendment from Plaintiff's claim for monetary damages.  The Eleventh Amendment prohibits federal courts from entertaining an action against a state.  *See, e.g., Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (citations omitted); *Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890).  Further, Eleventh Amendment immunity "extends to 'arm [s] of the State,' including state agencies and state officers acting in their official capacity," *Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (alteration in original) (internal citations omitted), because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself," *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citation omitted).  Therefore, Eleventh Amendment immunity protects state agencies and state officials sued in their official capacity from liability for monetary damages under 42 U.S.C. § 1983.  *Id.* As a result, to the extent Plaintiff has alleged a claim for monetary damages against Defendants in their official capacities under § 1983, that claim must be dismissed because in their official capacities, Defendants are entitled to immunity pursuant to the Eleventh Amendment.[4]

**Supervisory Liability**

---

[4]South Carolina sheriffs are arms of the state.  *Cromer*, 88 F.3d at 1332.

7

To the extent Plaintiff bases his claims against Foster on the theory of supervisory liability, his claims are without merit.  Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983).[5]  A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.[6]

---

[5]Such liability "is not premised upon *respondeat superior* but upon 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Shaw*, 13 F.3d at 798 (quoting *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984)).

[6]Stated differently,

> "[A]bsent an allegation that a named defendant has personally subjected the plaintiff to a deprivation of his constitutional rights or has caused the conduct complained of or participated in some manner in the allegedly unlawful actions of his employee or subordinate officer, this Court has held a complaint insufficient to state a claim against such defendant under § 1983."

*Thompson v. McCoy*, 425 F.Supp. 407, 411 (D.S.C. 1976) (quoting *Knipp v. Weikle*, 405 F.Supp. 782 (N.D. Ohio 1975)).  A plaintiff's burden to establish a claim based on supervisory liability is a heavy one; in fact, the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S.

*Id.* (citations omitted) (footnote added).

Here, Plaintiff has failed to establish a § 1983 claim against Foster based on a theory of supervisory liability because Plaintiff has failed to establish that Foster had actual or constructive knowledge of subordinates engaging in conduct that posed a pervasive or widespread risk of injury to Plaintiff. Rather, Plaintiff's claim is based on a single, isolated incident, which is insufficient to establish supervisory liability. *See Anderson v. Davies*, No. 3:10-2481-CMC-JRM, 2012 WL 1038663, at *2 (D.S.C. Mar. 8, 2012) ("'A pervasive risk of harm (under this principle) may not ordinarily be shown by pointing to a single incident or isolated incidents,' nor is a '(s)howing that individual officers violated a person's constitutional rights on an isolated occasion . . . sufficient to raise an issue of fact whether adequate training and procedures were provided.'" (alterations in original) (internal citations omitted)). The Complaint contains no specific allegations against Foster except that he is the Sheriff of Newberry County. [Doc. 1 at 2.] Further, there is no evidence in the record of "documented widespread abuses," which are necessary to state a supervisory liability claim. Therefore, Foster is entitled to summary judgment on any claims brought against him under a theory of supervisory liability.

---

662 (2009), may have entirely abrogated supervisory liability in *Bivens* actions. *See Ashcroft*, 556 U.S. at 693 (Souter, J., dissenting) ("Lest there be any mistake, . . . the majority is not narrowing the scope of supervisory liability; it is eliminating *Bivens* supervisory liability entirely. The nature of a supervisory liability theory is that the supervisor may be liable, under certain conditions, for the wrongdoing of his subordinates, and it is this very principle that the majority rejects."); *see also Jones v. Corr. Care Solutions*, No. 0:09–cv–269, 2010 WL 2639788, at *2 (D.S.C. June 7, 2010). A *Bivens* action "is the 'federal analog to suits brought against state officials under . . . § 1983.'" *Id.* at 1948 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 (2006)). Therefore, the Supreme Court's reasoning may extend to abrogate supervisory liability in § 1983 actions as well as *Bivens* actions.

**False Arrest**

Section 1983 actions premised on alleged unlawful seizure, malicious prosecution, false arrest, and/or false imprisonment are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. *See, e.g.*, *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (analyzing the plaintiff's allegations of false arrest as a claim of unreasonable seizure under the Fourth Amendment); *Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) (stating that claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment"); *Lambert v. Williams*, 223 F.3d 257, 262 (4th Cir. 2000) ("[T]here is no such thing as a '§ 1983 malicious prosecution' claim.  What we termed a 'malicious prosecution' claim . . . is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution—specifically, the requirement that the prior proceeding terminate favorably to the plaintiff.").  "[A] claim for false arrest may be considered only when no arrest warrant has been obtained."  *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *see also Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996) (determining that when the arresting official makes the arrest with a facially valid warrant, it is not false arrest).  Here, Plaintiff was arrested pursuant to four separate arrest warrants for murder/attempted murder that were issued by a magistrate judge.  [Doc. 30-4 at 46–49.]  Accordingly, Defendants are entitled to summary judgment on Plaintiff's false arrest claim; at most, Plaintiff can allege only a cause of action for malicious prosecution based on an alleged lack of probable cause for seeking and issuing the warrant in the first instance.  *Porterfield*, 156 F.3d at 568; *see also Brooks*, 85 F.3d at 181 ("However, allegations that an arrest made pursuant to a warrant was not supported by

10

probable cause, or claims seeking damages for the period after legal process issued, are analogous to the common-law tort of malicious prosecution.")

**Malicious Prosecution**

To state a claim for malicious prosecution/unreasonable seizure under § 1983, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 646, 647 (4th Cir. 2012) (citing *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)). Here, Defendants concede the criminal charges against Plaintiff were initiated based upon arrest warrants sworn to by Defendant Det. Robert Dennis ("Dennis") and that the criminal charges against Plaintiff were resolved in his favor. However, Defendants argue Plaintiff cannot demonstrate a lack of probable cause. [Doc. 30-1 at 10.]

The test to determine whether probable cause existed for a seizure is an objective one, based on the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 230–31 (1983); *see also Mazuz v. Maryland*, 442 F.3d 217, 224 (4th Cir. 2006) (citing *Maryland v. Macon*, 472 U.S. 463, 470–71 (1985)) ("Whether a Fourth Amendment violation has occurred turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time, and not on the officer's actual state of mind at the time the challenged action was taken.") (abrogated on other grounds by *Pearson v. Callahan*, 555 U.S. 223, 235 (2009)). Specifically, the totality of the circumstances includes "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information," *Beck v. Ohio*, 379 U.S. 89, 96 (1964), and such facts

11

and circumstances constitute probable cause if they are "sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense," *id.*

The record before the Court establishes that Dennis interviewed multiple witnesses who implicated Plaintiff in the shooting; Dennis also obtained voluntary witness statements indicating the same.[7] [Docs. 30-3 ¶ 4; 30-4 at 7, 24, 28.] Further, these witnesses stated that Plaintiff had made threats to shoot the victims earlier in the evening. [Docs. 30-3 ; 30-4 at 7, 24, 28.] The Court concludes that the facts and circumstances known to Dennis were "sufficient to warrant a prudent man in believing that [Plaintiff] had committed . . . an offense." *See Beck*, 379 U.S. at 9. Moreover, the magistrate judge found that probable cause existed and, thus, issued the warrants. [Doc. 30-4 at 46–49.] Plaintiff has not alleged that Dennis maliciously sought to prosecute Plaintiff by knowingly providing false information to secure the warrant. Once Dennis received information indicating Plaintiff did not commit the crimes, Dennis requested that the Solicitor drop the charges against Plaintiff. [Doc. 30-3 ¶¶ 10, 11.] Accordingly, Defendants are entitled to summary judgment on Plaintiff's malicious prosecution claim.

**Defamation**

Simple defamation is not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693, 711 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor

---

[7]Dennis avers that he responded to a call at Newberry County Memorial Hospital after a victim with a gunshot wound to the head presented to the emergency department. [Doc. 30-3 ¶ 3.] During his investigation, he was informed that the gunshot victim was one of four passengers in a vehicle when he was struck by a shot fired from a passing van. [*Id.*] Dennis obtained witness statements from the other occupants of the vehicle, which implicated Plaintiff as being involved in the shooting. [*Id.* ¶¶ 3, 7.] Based on this information, arrest warrants were issued for each of the individuals believed to have been occupants of the van. [*Id.* ¶ 8.]

'property' guaranteed against state deprivation without due process of law."); *Carter v. Dozier*, 2:10-CV-2812-RMG-BHH, 2011 WL 2457547 at *2 (D.S.C. May 31, 2011) (recommending a grant of summary judgment on Plaintiff's claim for defamation under § 1983 and finding that "[c]ivil rights statutes . . . do not impose liability for violations of duties of care arising under a state's tort law."). Accordingly, Defendants are entitled to summary judgment to the extent Plaintiff attempts to assert a claim under § 1983 for defamation.

**Qualified Immunity**

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity does not protect an official who violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id.* Further, qualified immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

To determine whether qualified immunity applies, a court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all[ ] and . . . whether that right was clearly established at the time of the alleged violation.'" *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (quoting *Conn v. Gabbert*, 526 U.S. 286, 290 (1999)). "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of

13

the action[,] assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (citing *Harlow*, 457 U.S. at 819). For purposes of this analysis, a right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 640.

District court and court of appeals judges are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If a court decides in the negative the first prong it considers—i.e., the court decides the plaintiff has not alleged the deprivation of an actual constitutional right or the right was not clearly established at the time of the alleged violation—the court need not consider the other prong of the qualified immunity analysis. *See id.* at 243–45; *Torchinsky v. Siwinski*, 942 F.2d 257, 260 (4th Cir. 1991) (holding the court "need not formally resolve" the constitutional question of "whether the [plaintiffs] were arrested without probable cause" to address the plaintiffs' § 1983 claim; the court stated that it "need only determine whether [the defendant]—a deputy sheriff performing within the normal course of his employment—acted with the objective reasonableness necessary to entitle him to qualified immunity").

As discussed above, Plaintiff's allegations fail to demonstrate Defendants violated Plaintiff's constitutional rights. Therefore, Defendants are entitled to qualified immunity.

**State Law Claims**

To the extent Plaintiff attempts to allege state law claims for false arrest, malicious prosecution, and defamation in addition to his § 1983 claims, such state law claims could

14

be heard by this Court only through the exercise of supplemental jurisdiction, which allows federal courts to hear and decide state law claims along with federal law claims.[2]  Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), however, if "the district court has dismissed all claims over which it has original jurisdiction."  To the extent Plaintiff bases his claim on state law, the Court recommends that the district judge decline to exercise supplemental jurisdiction in this case.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion for summary judgment be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

July 31, 2015
Greenville, South Carolina

---

[2]A civil action for Plaintiff's state law claims could be cognizable in this Court under the diversity statute, if that statute's requirements are satisfied.  However, this Court does not have diversity jurisdiction in this case because Plaintiff and Defendant are both citizens of the State of South Carolina, which defeats the required complete diversity of parties. *See* 28 U.S.C. § 1332.

15