IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Bates, Jr., | ) | Civil Action No. 8:14-2667-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **<u>ORDER</u>** |
| | ) | |
| Sheriff Lee Foster, Det. Robert Dennis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff John Bates, Jr., ("Plaintiff"), an inmate proceeding *pro se*, filed the instant action pursuant to 42 U.S.C. § 1983. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling.

On July 31, 2015, the Magistrate Judge issued a Report and Recommendation, ("the Report"), (ECF No. 40), recommending that this Court grant Defendants' Motion for Summary Judgment. (ECF No. 30). Objections to the Report were originally due by August 17, 2015. (ECF No. 40). That deadline was extended by the Court to August 28, 2015. (ECF No. 43). On August 24, 2015, Plaintiff filed a document that was in the nature of an Objection to the Report and also included a motion or request for appointment of counsel. (ECF Nos. 46 and 47). Defendants then filed both a Response in Opposition to the Motion to Appoint Counsel, (ECF No. 48), and a Reply to Plaintiff's Objection. (ECF No. 49). The Court has reviewed all of these filings, and the matter is now ripe for decision.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Plaintiff's Objection. The Court has undertaken this *de novo* review even though Plaintiff, in his brief, 1-page "Objection," does not advance specific objections to the Report but instead simply notes that he "object[s] [to] everything the defendants is saying or asking." (ECF No. 47 at p.1). In the same filing, Plaintiff goes on to write: "I don't know what I'm doing. A guy in prison did all of my paperwork for me and now I'm no longer around him so I am lost." Id. Plaintiff concludes by repeatedly requesting that the Court appoint him counsel. As the Defendants note in their Response in Opposition, (ECF No. 48), Plaintiff's request for counsel is actually his second such "motion" during the course of this litigation. On January 26, 2015, the Magistrate Judge issued an Order, (ECF No. 38), denying Plaintiff's previous motion to appoint counsel, finding that "[t]he pleadings and documents filed in this case fail to demonstrate exceptional circumstances exist warranting the appointment of counsel at this stage in the proceedings." Id. Based upon the entire record now before it, this Court likewise cannot find that exceptional circumstances exist warranting appointment of counsel.

Based upon the forgoing, the Court concurs with the reasoning of the Magistrate Judge and

adopts the Report and incorporates it herein by reference, (ECF No. 40), overruling Plaintiff's Objection. (ECF No. 47). Plaintiff's Motion to Appoint Counsel, (ECF No. 46), is **DENIED** as inadequately supported in both fact and law, and Defendants' Motion for Summary Judgment, (ECF No. 30), is **GRANTED**. To the extent that Plaintiff has attempted to allege state law claims of false arrest, malicious prosecution and/or defamation, the Court declines to exercise supplemental jurisdiction over such putative state law claims pursuant to 28 U.S.C. § 1367(c)(3).

   **IT IS SO ORDERED.**

         s/Mary G. Lewis
         United States District Judge

August 26, 2015
Columbia, South Carolina